**REED SMITH LLP**
*Formed in the State of Delaware*
Kyle O. Sollie, Esq. (036931996)
*(Admission Pending)*
David G. Murphy, Esq. (069822013)
506 Carnegie Center, Suite 300
Princeton, New Jersey 08540
Tel. (609) 987-0050
Fax (609) 951-0824
ksollie@reedsmith.com
dmurphy@reedsmith.com

## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ENERGY TRANSFER OPERATING, L.P.<br><br>Plaintiff,<br><br>v.<br><br>JOHN J. FICARA, *individually and in his capacity as* DIRECTOR, DIVISION OF TAXATION; ELIZABETH MAHER MUOIO, *individually and in her capacity as* NEW JERSEY STATE TREASURER, DEPARTMENT OF THE TREASURY, STATE OF NEW JERSEY,<br><br>Defendants. | Civil Action No.:<br><br><br>**VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

Plaintiff Energy Transfer Operating, L.P. ("ETO"), by and through counsel, Kyle O. Sollie, Esq. and David G. Murphy, Esq., of the law firm Reed Smith LLP hereby files this Verified Complaint for Declaratory and Injunctive Relief against John J. Ficara, individually and in his capacity as the Director of the Division of Taxation of the New Jersey Department of the Treasury ("Director Ficara"), and against Elizabeth Maher Muoio, individually and in her capacity as the New Jersey State Treasurer in the state's Department of the Treasury ("Treasurer

Muoio"). Together, Treasurer Muoio and Director Ficara are the "Defendants." ETO alleges, on knowledge as to its own actions, and otherwise upon information and belief, as follows:

<u>PRELIMINARY STATEMENT</u>

1.      ETO brings this action pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, Rule 57 of the Federal Rules of Civil Procedure, and the Civil Rights Act of 1871, 42 U.S.C. §§ 1983 and 1988, against Defendants who have a mandate to impose, assess, and collect fees from ETO under the color of state law (specifically *N.J.S.A.* 54A:8-6(b)(2)). That imposition, assessment, and collection violate the Commerce Clause of the Constitution of the United States.

2.      ETO seeks: (a) a declaratory judgment that the Defendants' imposition, assessment, and collection of those fees are a violation of the Commerce Clause; (b) an injunction against Defendants from imposing, assessing, or collecting the fees from ETO; and (c) costs and attorneys' fees in this matter.

<u>JURISDICTION</u>

3.      The activities that give rise to the Defendants' state-law mandate to impose, assess, and collect the fees are ETO's activities in interstate commerce. Namely, the fees are a function of the number of partners that ETO has, and ETO has thousands of partners throughout the United States. The fees are also a function of operations conducted by ETO through operating companies and through various subsidiary partnerships throughout the United States, including in New Jersey.

4.      ETO alleges in this Complaint that the Defendants intend to impose, assess, and collect the fees from ETO in a manner that: (a) discriminates against interstate commerce and that (b) is not fairly apportioned among the states where ETO's activity is conducted. Imposing,

assessing, and collecting fees in that manner violates rights conferred upon ETO by the Commerce Clause of the United States Constitution.  Thus, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 because this case arises under the Constitution of the United States.

5.     This Court has personal jurisdiction over the Defendants because they reside within the District of New Jersey.

6.     Jurisdiction is proper because ETO brings this action against "individual state officers in their individual capacities for prospective injunctive and declaratory relief to end continuing [and] ongoing violations of federal law."  *MCI Telecomm. Corp. v. Bell Atl.-Pa.*, 271 F.3d 491, 506 (3d Cir. 2001) (quoting *Ex Parte Young*, 209 U.S. 123, 28 S. Ct. 441, 52 L.Ed. 714 (1908)).

7.     Federal subject-matter jurisdiction is appropriate because the levy imposed under *N.J.S.A.* 54A:8-6(b)(2) is a fee, not a tax, and thus the Tax Injunction Act does not apply. *See* 28 U.S.C. § 1341; *San Juan Cell. Tel. Co. v. Pub. Serv. Comm'n*, 967 F.2d 683 (1st Cir. 1992).

8.     Specifically, the levy imposed by *N.J.S.A.* § 54A:8-6(b)(2) is a fee, not a tax, because the levy has been labeled as such by the New Jersey legislature.  Further, a committee of the legislature has stated that the purpose of the levy is to recoup costs related to processing and reviewing state tax returns of partnerships and their partners in order to track New Jersey-source income.  The fact that the Act imposing the fee was a revenue-raising act, not a regulatory act, does not convert the levy from a fee to a tax.  The fact that the resulting revenue is deposited into the state's General Fund does not convert the levy from a fee into a tax.  And the fact that the amount of the revenue does not correlate with the state's costs related to processing returns does not convert the levy from a fee into a tax.

## VENUE

9.      Venue is proper in this district under 28 U.S.C. § 1391(b)(1), because: (a) the Defendants reside in New Jersey, under 28 U.S.C. § 1391(b)(2); (b) the Defendants' unconstitutional actions occur in this district, 28 U.S.C. § 1391(b)(3); (c) the Defendants are subject to personal jurisdiction in this district with respect to this action; and (d) there is no other district in which the action may otherwise be brought, as Defendants maintain office and execute their duties under the color of state law in Mercer County, New Jersey.

## PARTIES

10.     ETO is a Delaware limited partnership with its principal place of business at 8111 Westchester Drive, Suite 600, Dallas, Texas 75255.

11.     Director Ficara is the Acting Director of the Division of Taxation, which is a division of the Department of the Treasury, organized and existing under the laws of the State of New Jersey and having a principal place of business in Trenton, New Jersey.  Defendant Ficara has the duty under color of New Jersey law to impose, assess, and collect the fee from partnerships, including from ETO.  Upon information and belief, Director Ficara resides in Morris County, New Jersey.

12.     Treasurer Muoio is the New Jersey State Treasurer of the Department of the Treasury, organized and existing under the laws of the State of New Jersey and having a principal place of business in Trenton, New Jersey.  Treasurer Muoio has responsibilities related to the collection of the fee, including by levying upon and garnishing monies otherwise lawfully belonging to partnerships, including ETO.  Upon information and belief, Treasurer Muoio resides in Mercer County, New Jersey.

## FACTS

13.     ETO is a limited partnership whose limited partnership interests trade on the New York Stock Exchange.  Those partnership interests are traded as "units," and are issued in various classes—for example, 18 million units of Series C Preferred Units are traded on the NYSE under the symbol "ETPprC."  As of the end of 2019, ETO had over 60 million units outstanding, held by tens of thousands of partners who are residents of various states throughout the United States.  Most of those partners (about 94% of them) are not residents in and do not have tax nexus with New Jersey.

14.     ETO, through operating companies and through various subsidiary partnerships, conducts operations throughout the United States, including New Jersey.

15.     Of those nationwide operations, less than 5% have been conducted in New Jersey in 2020 and so far in 2021.

16.     New Jersey statute imposes an annual levy (which its legislature has characterized as a "fee") on any partnership that derives any amount of income from any New Jersey "source." *N.J.S.A.* 54A:8-6(b)(2)(A).

17.     For each partnership for each year, the fee is computed by multiplying the number of partners by $150, capped at a maximum of $250,000 per year.  As a result, any partnership with more than 1,666 partners is required to pay a flat, annual fee of $250,000 to New Jersey.

18.     Any publicly traded partnership will have, because of the realities of the marketplace, more than 1,666 partners.  So for any publicly traded partnership, such as ETO, the annual fee imposed by *N.J.S.A.* 54A:8-6(b)(2)(A) will always be exactly $250,000.  Thus, the annual fee will be $250,000 if 100% of the partnership's business is in New Jersey; the annual fee will be $250,000 if only 1% of the partnership's business is in New Jersey.  The fee will be

$250,000 if none of the partners have tax nexus with New Jersey and file New Jersey tax returns, and the fee will be $250,000 if all of the partners have tax nexus with New Jersey and all of them file New Jersey tax returns. It's always exactly $250,000 per year.

19.     ETO owns interests in subsidiary partnerships, and certain of those partnerships have been conducting a small portion of their business in New Jersey in 2020 and 2021.  ETO expects those partnerships to continue to do so in the future.  As a partner in those subsidiary partnerships, ETO has an interest in the income of those partnerships.  Accordingly, ETO has income from New Jersey sources (as that concept has been interpreted by Director Ficara), and Director Ficara expects ETO to file and pay the fee as a result.

20.     Under the authority of *N.J.S.A.* 54A:8-6(b)(2), each partnership with income from a New Jersey source is required to file a partnership return by April 15 of the year following the tax year.  At the time of the filing of that partnership return, the $250,000 fee must be paid by the partnership.  *N.J.S.A.* 54A:8-6(b)(2)(A).  The partnership must also, at the same time, make an installment payment equal to 50% of the fee payable for the succeeding return period.  *N.J.S.A.* 54A:8-6(b)(2)(B).  Thus, Director Ficara expects ETO to pay a $250,000 fee on account of the 2020 tax year, and a $125,000 installment payment on account of the 2021 tax year (50% of $250,000) by April 15, 2021.  Further, Director Ficara expects ETO to make a payment of the balance of its 2021 fee by April 15, 2022.

21.     If ETO does not pay the New Jersey fees by the due dates, Director Ficara is mandated by law to collect the fees from ETO.  *N.J.S.A.* 54A:8-6(b)(2)(C) and 54:49-1, *et seq.* Thus, if ETO does not pay the fees on time, the Director Ficara has the duty under color of state law to assess the fees against ETO (*N.J.S.A.* 54:49-6(a)(requiring the Director to assess unpaid amounts due), and also interest (*N.J.S.A.* 54:49-3) and penalty (N.J.S.A. 54:49-4(a) and *N.J.S.A.*

54A:9-6)).  Further, Director Ficara may, to collect the fees, issue a certification to the clerk of a Superior Court of New Jersey, which shall become a judgment.  *N.J.S.A.* 54:49-12.  And the Director Ficara may issue a warrant directing any county sheriff to levy upon any property of ETO that may be found in the county.  *N.J.S.A.* 54:49-13a.

22.     Additionally, Treasurer Muoio may certify the unpaid fees to any federal official and request that the federal official withhold any payment to ETO that may otherwise be due to it.  *See N.J.S.A.* 54:49-12.11.

**COUNT I**
**Violation of the Commerce Clause**
**Article I, Section 8 of the U.S. Constitution**

23.     ETO repeats and reiterates the allegations set forth in Paragraphs 1 through 22 above as if fully set forth herein.

24.     When a state imposes a levy on interstate activity—whether that levy is characterized as a tax or a fee—the Commerce Clause requires that the levy be apportioned and that the levy not discriminate against interstate commerce. *Complete Auto Transit, Inc. v. Brady*, 430 U.S. 274, 279 (1977) (applying Commerce Clause limitations to taxes); *American Trucking Ass'n v. Scheiner*, 483 U.S. 266, 296-97 (1987) (applying Commerce Clause limitations to fees if those fees arise in interstate commerce).

25.     To "apportion" a levy on interstate activities, the levy is first computed as it would have been computed if it were imposed on activities wholly within a single state.  Then that amount is divided among the states where the activities takes place to determine what "portion" of the whole levy is attributable to portion of the interstate activities conducted in the state imposing the levy.

26.     By contrast to this basic Commerce Clause requirement of apportionment, the fee here is imposed on ETO without regard to the portion of ETO's overall activity that is conducted

in New Jersey.  To put this in concrete terms, ETO would be subject to the same $250,000 fee whether it conducted 1% of its business in New Jersey or 100% of its business in New Jersey. Further, the $250,000 fee is imposed on ETO without regard to the portion of ETO's partners who are required to file a New Jersey tax return.  Thus, ETO would be subject to the same $250,000 fee whether 4% of its partners have tax nexus with New Jersey, or 0% of its partners have tax nexus with New Jersey, or 100% of its partners have tax nexus with New Jersey.

27.    Because New Jersey's $250,000 fee is imposed on ETO's interstate activities without apportionment, the fee violates the Commerce Clause as applied to ETO (the fee is not unconstitutional on its face because there are instances in which it does not violate the Commerce Clause—for example, when it is imposed on partnerships conducting their business entirely in New Jersey that are constituted solely by New Jersey partners).

28.    Furthermore, as applied to ETO, the $250,000 fee discriminates against interstate commerce, in violation of the Commerce Clause.

29.    The United States Supreme Court has developed a mathematical test, referred to as the "internal consistency test," that identifies whether a levy (whether it is a tax or a fee) discriminates against interstate commerce.  *See Comptroller of the Treasury v. Wynne*, 135 S.Ct. 1787, 1793 (2015).

30.    The internal consistency test looks at whether a state's levy would expose interstate commerce to the risk of duplicative levies to which fully intrastate commerce would not be exposed. *Wynne*, 135 S.Ct. at 1795.

31.    In order to determine whether a levy would expose interstate commerce to the risk of duplicative levies, the internal consistency test poses a hypothetical question: if every state were to enact a levy identical to the state levy in question, would a person who engages in

interstate commerce pay more in levies than a person who engaged in identical activities but in a single state?  *Wynne*, 135 S.Ct. at 1803.

32.     ETO conducts business in more than one state and has partners in more than one state, so it is engaged in interstate commerce.  Moreover, the fee is computed by reference to ETO's interstate business and by reference to the number of its partners throughout the United States. Therefore, the $250,000 fee is a fee on interstate commerce.

33.     Applying the internal consistency test here first requires a determination of the amount of the fee that would be paid by a hypothetical, fully-intrastate partnership that is otherwise identical to ETO—that is, a partnership that is identical to ETO but with its business activities concentrated in New Jersey and its partners only located in New Jersey.   This hypothetical, fully-intrastate partnership would be subject to a total fee of $250,000.

34.     The internal consistency test then requires a determination of the aggregate amount of fees that ETO would pay if that same business were not concentrated in New Jersey, but instead were spread throughout multiple states.  ETO conducts business activities and has partners located in all 50 states, so ETO would be subject to a fee of $250,000 in each state, for a total of $12.5 million in fees ($250,000 per state x 50 = $12.5 million).

35.     Thus, ETO would pay $250,000 in fees if its business were entirely in New Jersey, but would pay $12.5 million if the same business were spread across all fifty states. Since interstate commerce would pay much greater fees than the same quantity of commerce concentrated solely within the state, the fee is not internally consistent.

36.     As New Jersey's partnership fee fails the internal consistency test, it is "inherently discriminatory and operates as a tariff" in violation of the Commerce Clause. *Wynne*, 135 S.Ct. at 1804.

37.     Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, this Court should determine ETO's and Defendants' rights and duties, and in so doing, declare that Defendants may not impose or collet the fee from ETO because that fee, as applied to ETO, would violate the Commerce Clause.

38.     Further, pursuant to 42 U.S.C. § 1983, the Court should order injunctive relief in favor of ETO against Defendants to redress the violation of ETO's rights under the Constitution of the United States due to Defendants' imposition of and assessment and collection of the fee from ETO pursuant to *N.J.S.A.* 54A:8-6(b)(2).  *See also Dennis v. Higgins*, 498 U.S. 439 (1991) (suits for violations of the Commerce Clause may be brought under 42 U.S.C. § 1983).

**WHEREFORE**, ETO demands judgment against Defendants as follows:

a. Declaring Defendants' imposition, assessment, and collection of the fee from ETO is unconstitutional;

b. Permanently enjoining Defendants and their agents, servants, employees, and all persons in active concert or participation with them from imposing, assessing or collecting the fee from ETO;

c. Awarding ETO interest, costs of suit, and attorneys' fees; and

d. Awarding such other and further relief as the Court determines just and equitable.

## CERTIFICATION

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discover; and (4) the complaint otherwise complies with the requirements of Rule 11.

## LOCAL CIVIL RULE 11.2 CERTIFICATION

The undersigned hereby certifies upon information and belief, that the matter in controversy—specifically an action for declaratory and injunctive relief with regard to the partnership levy imposed for the 2020 and 2021 tax years—is not the subject of an action pending in another court, or of any pending arbitration or administrative proceeding.  There are refund claims pending before the New Jersey Division of Taxation and Tax Court of New Jersey regarding the levy paid for past years, however these matters are dormant and do not impact this Court's jurisdiction in this action.

## <u>DESIGNATION OF TRIAL COUNSEL</u>

ETO hereby designates Kyle O. Sollie, Esq. and David G. Murphy, Esq. as trial counsel in this action.

Dated: February 22, 2021                   **REED SMITH LLP**

                                         */s/ David G. Murphy*
                                         David G. Murphy, Esq.
                                         506 Carnegie Center – Suite 300
                                         Princeton, New Jersey 08540
                                         Tel (609) 987-0050

                                         Kyle O. Sollie, Esq.
                                         *(Admission Pending)*
                                         Three Logan Square
                                         1717 Arch Street, Suite 3100
                                         Philadelphia, PA 19103
                                         Tel (215) 587-0020

                                         *Attorneys for Plaintiff Energy Transfer Operating, L.P.*

## VERIFICATION

I, Darryl Krebs, am employed by Energy Transfer Operating, L.P. and authorized to execute this Verification on its behalf. I have reviewed the Verified Complaint for Declaratory and Injunctive Relief and to the best of my knowledge, information, and belief, the facts and matters set forth therein are true and accurate.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

ENERGY TRANSFER OPERATING, L.P.

By: Energy Transfer Partners GP, L.P., its general partner
By: Energy Transfer Partners, L.L.C., its general partner

Darryl Krebs
Vice President - Tax

DATED:  February 19, 2021